427 S.E.2d 236

Thomas L. STOCKERT, Jr., Executor of the Estate of Nelia Zimmerman, Plaintiff Below, Appellee,

v.

COUNCIL ON WORLD SERVICE AND FINANCE OF the METHODIST CHURCH, aka General Commission on World Service and Finance, Now Known as General Council on Finance and Administration; First United Methodist Church of Buckhannon; Elizabeth Coplin Leonard Memorial Hospital, Inc., Defendants Below, Appellees,

St. Joseph's Hospital of Buckhannon, Inc., Defendant Below, Appellant,

Rose Secrist, et al., Defendants Below.

No. 21150.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 26, 1993.

Decided Feb. 11, 1993.

Roy D. Law, Buckhannon, for Estate of Neila Zimmerman, deceased.

Ellen Maxwell–Hoffman, Bowles Rice McDavid Graff & Love, Charleston, for Council on World Service and Finance of Methodist Church.

Robert M. Morris, Weston, for Elizabeth Coplin Leonard Memorial Hosp., Inc.

Terry D. Reed, Hymes and Coonts, Buckhannon, for St. Joseph's Hosp. of Buckhannon, Inc.

NEELY, Justice.

Neila Zimmerman wrote her will in 1971 and bequeathed one-third of the residue of her estate to the three following charities in equal shares: (1) the Council on World Service and Finance of the Methodist Church; (2) the Elizabeth Coplin Leonard Memorial Hospital of Buckhannon; and, (3) the St. Joseph's Hospital of Buckhannon. Mrs. Zimmerman died in 1983 and her 1971 will was duly admitted to probate.

At the time Neila Zimmerman executed her will, hospital services were provided in Upshur County by two non-profit, charitable institutions, Leonard Memorial Hospital and St. Joseph's Hospital. However, Leonard Memorial ceased operating as a hospital on 31 December 1988 and exists now only as a shell to receive accounts payable, conserve assets and pay debts. All employees, except for a skeleton staff, have been discharged. Leonard Memorial will never again provide hospital services to patients.

The executor of Mrs. Zimmerman's estate, Thomas L. Stockert, Jr., sought direction from the circuit court concerning whether to pay the non-operating shell of the former Leonard Memorial Hospital the money bequeathed to Leonard Memorial in Mrs. Zimmerman's will, or to pay Leonard Memorial's share to the only operating hospital in Upshur County, St. Joseph's. The circuit court ruled that notwithstanding Leonard Memorial's closure as a functioning hospital, the bequest should nevertheless be paid to it. We reverse.

■ If ever there were a case that cries out for application of the doctrine of *cy pres*, it is the case before us. The doctrine of *cy pres* is an equitable device employed when the terms of a charitable trust become illegal, impossible or impractical to fulfill and, under the *cy pres* doctrine, a court may direct trust funds be expended in a charitable manner as near (*cy pres*) to the donor's intent as possible. *Union National Bank of Clarksburg v. Nuzum,* 167 W.Va. 340, 280 S.E.2d 87 (1981); *W.Va. Code* 35–2–2 [1931]. There are thousands of cases throughout the United States applying *cy pres;* however, the doctrine is amazingly straightforward and precisely summarized in 15 *Am.Jur.*2d Charities §§ 157 to 165.

If a testator bequeathed $100,000 to his nephew, but the nephew died after the testator expired but before the testator's executor had distributed the proceeds of the estate, no one would argue that the nephew's $100,000 should be buried in a shoe box next to the nephew's remains. Obviously, the bequest to the nephew would pass to the nephew's living heirs either by will or intestacy, subject to any of the nephew's outstanding debts that were still unpaid. In the case before us, the existing assets in the shell of Leonard Memorial, including the real estate, are adequate to satisfy the hospital's debts. Therefore, instructing the executor to give money to Leonard Memorial Hospital would be like burying the nephew's bequest in a shoe box next to the nephew's corpse.

■ The weight of judicial opinion in the United States is that when a charitable institution to which a bequest has been made loses its character or otherwise ceases to exist after the death of the testator, and when the testator has manifested a *general* charitable intent in her will, a court of equity will direct the application of the bequeathed property in question to another charity of the same general character so that the charitable purpose of the testator will not fail. *In re Stouffer's Trust,* 188 Or. 218, 215 P.2d 374 (1950). *See also, Wesley Home v. Mercantile Safe Deposit and P. Company,* 265 Md. 185, 289 A.2d 337 (1972).

■ It is apparent to us that the testatrix sought to benefit the residents of Ups-

hur County by supporting the two institutions that provided hospital services to that county. The cardinal rule in construction of testamentary instruments is that a court should give effect to the intent of the testator. Syllabus point 1, *Reedy v. Propst,* 169 W.Va. 473, 288 S.E.2d 526 (1982). Now that Leonard Memorial Hospital has closed its doors, it is only appropriate, lest the testatrix's charitable intent be frustrated, that St. Joseph's hospital receive both the share bequeathed to it in Mrs. Zimmerman's will and the share bequeathed to Leonard Memorial. Accordingly, the judgment of the Circuit Court of Upshur County is reversed, and this case is remanded with directions to enter a judgment consistent with this opinion.

Reversed and remanded with directions.